IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

(NORFOLK DIVISION)

JOE HAND PROMOTIONS, INC.
407 E. PENNSYLVANIA BLVD.
FEASTERVILLE, PA 19053

       Plainitff,

v.                                                 Civil Action No.: 2:12CV171

LISA CULOTTA-GREEN, Individually
and as an officer, director, owner,
and/or principal of HARRY O'S
RESTAURANT & LOUNGE, INC.
1412 Highnoon Place
Virginia Beach, VA 23462

And

HARRY O'S RESTAURANT
& LOUNGE, INC.
1425 Lynnhaven Parkway
Virginia Beach, VA 23453

## ANSWER

Lisa Culotta-Green and Harry I's Restaurant ("Harry O's"), by and through their attorneys, by and through its attorneys, provides as follows as for its Answer to Joe Hand Promotions, Inc. ("Joe Hand"):

## NATURE OF THE ACTION

1. To the extent that Paragraph One describes the nature of the allegations contained in the complaint, Paragraph One is admitted, but all specific charges, allegations, and facts contained in Paragraph One are denied.

## JURISDICTION AND VENUE

2. Admitted.

3. Admitted.

## THE PARTIES

4. The Defendants are without knowledge of the allegations contained in Paragraph Four, and demand specific proof thereof.

5. Admitted.

6. Admitted.

## FACTS COMMON TO ALL COUNTS

7. The Defendants are without knowledge of the allegations contained in Paragraph Seven, and demand specific proof thereof.

8. The Defendants are without knowledge of the allegations contained in Paragraph Eight, and demand specific proof thereof.

9. The Defendants admit that they did not enter into an agreement with the Plaintiff. The Defendants are without knowledge of the remaining allegations contained in Paragraph Nine, and demands specific proof thereof.

10. The allegations contained in Paragraph Ten are denied.

11. Admitted.

12. The allegations contained in Paragraph Twelve are denied.

13. The allegations contained in Paragraph Thirteen are denied.

14. The Defendants are without knowledge of the allegations contained in Paragraph Fourteen and can neither confirm nor deny.

15. The allegations contained in Paragraph Fifteen are denied.

## COUNT 1- VIOLATION OF TITLE 47 U.S.C. § 605

16. The Defendants hereby incorporate by reference all of the answers contained in Paragraphs One through Fifteen.

17. To the extent that the allegations contained in Paragraph Seventeen describe the contents of 47 U.S.C. § 605(a), the allegations contained in Paragraph Seventeen are admitted. The Defendants are without knowledge of the remainder of the allegations contained in Paragraph Seventeen, and demand specific proof thereof.

18. The allegations contained in Paragraph Eighteen are denied.

19. The allegations contained in Paragraph Nineteen are denied.

20. The allegations contained in Paragraph Twenty are denied.

21. The allegations contained in Paragraph Twenty-One are denied.

## COUNT II- VIOLATION OF TITLE 47. U.S.C. § 553

22. The Defendants hereby incorporate by reference Paragraphs One through Twenty-One.

23. The allegations contained in Paragraph Twenty-Three are denied.

24. To the extent that the allegations contained in Paragraph Twenty-Four describe the contents of 47 U.S.C. §553, the allegations contained in Paragraph Twenty-Four are admitted. The Defendants are without knowledge of the remainder of the allegations contained in Paragraph Twenty-Four, and demand specific proof thereof.

25. The allegations contained in Paragraph Twenty-Five are denied.

26. The allegations contained in Paragraph Twenty-Six are denied.

27. The allegations contained in Paragraph Twenty-Seven are denied.

## COUNT III- CONVERSION

28. The Defendants hereby incorporate by reference paragraphs One through Twenty-Seven.

29. The allegations contained in Paragraph Twenty-Nine are denied.

30. The allegations contained in Paragraph Thirty are denied.

## AFFIRMATIVE DEFENSES

### Count I

31. The Defendants hereby incorporate by references Paragraphs One through Thirty.

32. If the Defendants did exhibit the Broadcast, they acted under the reasonable belief that it was legal to do so and therefore did not willfully violate 47 U.S.C. § 605.

33. If the Defendant did exhibit the Broadcast, it was not done for the purpose of commercial advantage or for private financial gain, and did not result in any additional profits to the Defendant.

### Count II

34. If the Defendants did exhibit the Broadcast, they acted under the reasonable belief that it was legal to do so and therefore did not "willfully" violate 47 U.S.C. § 553.

35. If the Defendant did exhibit the Broadcast, it was not done for the purpose of commercial advantage or for private financial gain, and did not result in any additional profits to the Defendant.

### COUNT III

36. The Defendants were not aware of any property rights possessed by the Plaintiff, and therefore could not have willfully interfered with them.

37. If the Defendants did interfere with the Plaintiff's property rights, it was not done for the purposes of direct or indirect commercial advantage or for financial gain.

WHEREFORE, the Defendants request that judgment be entered in its favor and the charges be dismissed with prejudice.

Respectfully submitted,

Michael R. Hipps (VSB #78592)
The Domozick Law Firm
101 N. Lynnhaven Road, Suite 202
Virginia Beach, Virginia 23452
T: 757-965-3747
F: 757-351-2083
mhipps@domolaw.com